

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable L. B. Fowler
County Attorney
Nacogdoches County
Nacogdoches, Texas

Dear Sir:

Opinion No. 0-5958
Re: Duties of county judge in
calling the election under
the provisions of Article
2815, as amended, R. C. S.,
1925.

We are in receipt of your recent request for an opinion concerning the above matter.

In your first question you ask:

"If Article 2815 is valid, is it necessary to present the County Judge with a petition signed by twenty or a majority of the qualified voters of each of the school districts concerned, or only with a petition signed by twenty or a majority of the qualified voters of the school district asking for a withdrawal from the consolidated district?"

Article 2815, as amended, reads as follows:

"Section 1. That Article 2815, Chapter 13, Title 49, Revised Civil Statutes of Texas, 1925, be and the same is hereby amended so as to hereafter read as follows:

"'Article 2815. Dissolution.

"'(a) Such consolidated districts may, in the same manner provided for their consolidation,

be dissolved and the districts included therein restored to their original status, except that it shall not be necessary to provide polling places in each district. Each such district when so restored shall assume and be liable for its prorata part of the outstanding financial obligations of the consolidated district, such prorata part to be based on the relation the total assessed valuation of all property in the district bears to the total assessed valuation of property in the consolidated district, as shown by the assessment rolls of the district for the current year. No election for the dissolution of said consolidated districts shall be held until three (3) years have elapsed after the date of the election at which such districts were consolidated.

"'(b) On the petition of twenty (20), or a majority, of the legally qualified voters of any common school district, or independent school district, praying for the withdrawal from a consolidated district, if three (3) years have elapsed after the date of the election at which such districts were consolidated, the County Judge shall issue an order for an election to be held in the district desiring withdrawal. The County Judge shall give notice of the date of such election by publication of the order in some newspaper published in the county for twenty (20) days prior to the date on which such elections are ordered, or by posting a notice of such election in the district desiring the election. The Commissioners Court shall at its next meeting canvass the returns of such election, and if the votes cast in said district show a majority in favor of withdrawing from the consolidation, the Court shall declare the district severed and it shall be restored to its original status. Each such district when so restored shall assume and be liable for its prorata part of the outstanding financial obligations of the consolidated district, such prorata part to be based on the relation the total assessed valuation of all property in the district bears to the total assessed valuation of property in the consolidated

Honorable L. B. Fowler, Page 3

district, as shown by the assessment rolls of the district for the current year.'

"Sec. 2. The fact that there is no law on the Statutes at this time permitting the withdrawal of a common school district, or independent school district, from a consolidated school district, and the definite lack of transportation by these districts, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

It is our opinion that the petition called for in Section (b) of said Article should be signed by twenty or a majority of the qualified voters of the common school district or independent school district which is seeking a withdrawal from the consolidated school district, rather than by twenty or a majority of the qualified voters of the consolidated district itself.

Our reason for this opinion is that we interpret Article 2815 (b) as being a complete method and procedure, complete within itself. The Legislature suggested this intention both by placing this plenary procedure in a subsection to itself and also by the wording of the preamble or enacting clause preceding this amendment which reads as follows:

"An Act to amend Article 2815, Chapter 13, Title 49, Revised Civil Statutes of Texas, 1925, by providing a method of withdrawal in addition to the present method of dissolution; and declaring an emergency."

Your second question asks:

"Should the petition addressed to the County Judge, in addition to being signed by twenty or a majority of the qualified voters, state that more than three (3) years have elapsed since the school districts were consolidated, if so is it mandatory?"

Honorable L. B. Fowler, Page 4


The Statute is silent as to whether or not the petition itself should expressly state this fact. We do not think this is required; however,we think it would be best. Article 2815 (b) states that the County Judge shall call the election for the withdrawal of the particular district involved upon the filing of the petition praying for the same. However, the statute imposes a condition precedent to the calling of the election when it says ". . . . if three (3) years have elapsed after the date of the election at which such districts were consolidated." We believe that the passage of this three year period is a necessary condition which must exist before the voters can lawfully exercise the authority conferred by the statute.

In the case of Consolidated Common School District No. 5 v. Wood, et al., 112 S. W. (2d) 231, the Court of Civil Appeals interprets Article 2815, prior to its amendment, which was similar and comparable with the amendment with which we are now concerned. Article 2815, prior to its amendment, read as follows:

"Article 2815.    Dissolution

"Such consolidated districts may in the same manner provided for their consolidation, be dissolved and the districts included therein restored to their original status, except that it shall not be necessary to provide polling places in each district. Each such district when so restored shall assume and be liable for its pro rata part of the outstanding financial obligations of the consolidated district, such pro rata part to be based on the relation the total assessed valuation of all property in the district bears to the total assessed valuation of property in the consolidated district, as shown by the assessment rolls of the district for the current year. No election for the dissolution of said consolidated districts shall be held until three years have elapsed after the date of the election at which such districts were consolidated. Id."

In that opinion the court says: "The Legislature in providing for the elections for consolidation and dissolution

Honorable L. B. Fowler, Page 5

thereby delegated a part of the legislative power to the qualified voters of the districts . . . When the Legislature, instead of directly creating school districts, and investing them with such powers and subject to such limitations as it sees fit, enacts that such districts may be created and possess certain powers dependent upon the result of the elections to be petitioned for, ordered and held and results declared, in prescribed ways, each step prescribed constitutes a condition upon which the delegation of its power is made effective. Coffee, County Atty., v. Lieb, Tex. Civ. App., 107 S. W. (2d) 406."

In Article 2815 (b) the Legislature has delegated a portion of its power to the qualified voters of the district desiring a withdrawal. In the clause providing for the three year period, above stated, it seems to us that the Legislature has prescribed a condition which must exist before the voters are entitled to exercise the power that has been delegated. As stated in the above quotation from the case of Consolidated School District No. 5 v. Wood, et al., such requirement "constitutes a condition upon which the delegation of its power is made effective." Furthermore, this condition is, in spirit, comparable to the similar condition imposed in subsection (a) of this same Article 2815.

For these reasons we believe it is mandatory that three years elapse between the date of the election at which such districts were consolidated and the date of the election when such withdrawal shall be voted upon.

In your final question you ask:

"If the County Judge is presented with a legal petition as mentioned by Article 2815, is it within his discretion whether he calls or orders the election or not?"

It will be observed from the wording of Article 2815 (b) that upon the filing of the above mentioned petition, provided the three year period has elapsed, the County Judge "shall" issue the order calling for the election. The use of the word "shall" suggests that this duty is mandatory and not subject to the discretion of the County Judge. Furthermore, in construing Article 2815, prior to its amendment, (which was the same as the Article herein concerned insofar as this feature is concerned) the Court of Civil

Honorable L. B. Fowler, Page 6

Appeals held that the delegation of power by the Legislature was made to the qualified voters of the district involved, not to the County Judge. As quoted above the court in that opinion stated:

> "The Legislature in providing for the elections for consolidation and dissolution thereby delegated a part of the legislative power to the qualified voters of the districts."

For this reason it is our opinion that upon the filing of the petition properly drawn and provided that the three year period has elapsed, it is the mandatory duty of the County Judge to issue the order calling for the election.

We trust and hope that this opinion satisfies your requirement.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
W. T. Curry
Assistant

WTC:fo

APPROVED APR 24, 1964

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN